UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :

UNITED STATES OF AMERICA,            :

        -against-                          :              24-CR-10 (VEC)

WERONIKA JANCZUK,                :             OPINION & ORDER
                            Defendant.    :

------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

       Defendant Weronika Janczuk was sentenced to time served on her conviction for anonymous telecommunications harassment in violation of 47 U.S.C. § 223(a)(1)(C). At the time she was sentenced, Ms. Janczuk had served 663 days in pre-trial detention — 67 days short of the statutory maximum for the offense. She has since been remanded to custody for alleged violations of the conditions of supervised release. She now contends that she cannot be sentenced to a term of imprisonment exceeding 67 days unless a jury finds her guilty beyond a reasonable doubt of the violations. The Court disagrees.

## BACKGROUND

       The Court assumes the parties' familiarity with the facts of the case. As relevant here, in January 2024, Ms. Janczuk pled guilty to anonymous telecommunications harassment in violation of 47 U.S.C. § 223(a)(1)(C). *See* January 29, 2024, Transcript, Dkt. 49, at 16:5–7, 34:20–35:18. That crime carries a statutory maximum term of imprisonment of two years and a maximum term of supervised release of one year. *Id.* 17:5–11; 47 U.S.C. § 223(b)(1). She was sentenced to time served to be followed by a one-year term of supervised release. January 29, 2024, Transcript at 67:12–16. At the time of sentencing, Ms. Janczuk had served a total of 663

days in prison.  *See* January 27, 2022, Minute Entry, Dkt. 5; Deferral of Prosecution, Dkt. 21; October 4, 2022, Minute Entry, Dkt. 23.

On November 6, 2024, Ms. Janczuk was arraigned for violating the conditions of supervised release.  *See* November 6, 2024, Order, Dkt. 68.  She was released with a condition of GPS monitoring and was ordered to appear for a status conference the following week.  *See* November 6, 2024, Minute Entry; November 7, 2024, Order, Dkt. 69.  When she failed to appear at that conference and the Probation Department informed the Court that it had received a tamper alert on her GPS monitor, the Court issued a warrant for her arrest.  *See* Arrest Warrant, Dkt. 72.  She was arrested several months later and remanded to the Metropolitan Detention Center, where she remains in custody.  *See* February 19, 2025, Minute Entry.

At a recent status conference, Ms. Janczuk argued that if she is found guilty of violating supervised release, she cannot be sentenced to a term of imprisonment exceeding 67 days unless a jury finds that she violated the terms of supervised release and does so applying a beyond a reasonable doubt standard.[1]  A longer term, the Defense argued, would result in Ms. Janczuk serving more than two years' imprisonment — the statutory maximum for the underlying offense to which she pled guilty.  The Court ordered briefing on that issue.  *See* February 26, 2025, Order, Dkt. 76.

---

[1] It is not clear to the Court how the Defendant sees her proposed legal structure working.  In this case, there has not yet been an adjudication of whether Defendant violated supervised release.  The Court assumes that Defendant's view is that the Court must hold a jury trial on the violations, unless (a) the Court commits in advance to keep any sentence for the charged violations of supervised release at or below a term that, when added to her prior term of imprisonment, would be less than two years, or (b) the Defendant admits the violations after being informed that she has the right to a jury trial at which the standard of proof would be proof beyond a reasonable doubt.  To say the least, that would be a radical change to the normal procedure followed in violation of supervised release situations.

## DISCUSSION

Pursuant to 18 U.S.C. § 3583(a), when imposing a sentence "of imprisonment for a felony or a misdemeanor, [the court] may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." The authorized term of supervised release varies depending on the underlying conviction. *See* 18 U.S.C. § 3583(b). Defendants on supervised release are subject to a variety of conditions. 18 U.S.C. § 3583(d). If the court finds, by a preponderance of the evidence, that the defendant has violated one or more conditions of supervised release, it may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." 18 U.S.C. § 3583(e)(3).

It is well established in this Circuit that "at the time of the sentencing on the underlying criminal offense, the maximum term of imprisonment that the defendant can face for that conviction is the maximum term of imprisonment for the underlying crime *plus* the maximum term of [her] supervised release authorized by statute for the underlying offense, if [s]he violates any conditions of release." *United States v. Peguero*, 34 F.4th 143, 160 (2d Cir. 2022); *see also United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005) ("[I]mprisonment for violation of supervised release may exceed the time that the defendant could have been jailed on [her] original conviction."); *United States v. Wirth*, 250 F.3d 165, 170 n.3 (2d Cir. 2001) ("[P]unishment for a violation of supervised release is separate from punishment for the underlying conviction and may, when combined with the latter, exceed the statutory maximum for the underlying offense."). Additionally, "[r]evocation proceedings are not deemed part of a criminal prosecution, and, therefore, defendants in such proceedings are not entitled to 'the full

panoply of rights' that criminal defendants generally enjoy." *United States v. Carthen*, 681 F.3d 94, 99 (2d Cir. 2012) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)).

Ms. Janczuk challenges the constitutionality of § 3583(e)(3) as applied to the facts of this case. She argues that "[t]he Fifth and Sixth Amendments prohibit [her] from being sentenced to a new term of incarceration exceeding . . . sixty-seven days without a jury finding the elements of the offense beyond a reasonable doubt." Def. Mem., Dkt. 79, at 2. Her argument hinges on the plurality opinion in *United States v. Haymond*, 588 U.S. 634 (2019). *Haymond* concerned a defendant who was sentenced to 38 months' imprisonment followed by a ten-year term of supervised release. 588 U.S. at 637. While on supervised release, the defendant possessed child pornography. *Id* at 638. That finding, made by a judge applying a preponderance of the evidence standard, triggered a mandatory minimum prison sentence of five years pursuant to 18 U.S.C. § 3583(k). *Id.* at 639. A four-Justice plurality found the sentencing scheme created by § 3583(k) to be unconstitutional, invoking the principle set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny that "any increase in a defendant's authorized punishment contingent on the finding of a fact requires a jury and proof beyond a reasonable doubt." *Haymond*, 588 U.S. at 647 (internal quotation marks omitted). Because § 3583(k) required a mandatory minimum sentence based solely on a judicial finding of fact based on a preponderance of the evidence, the plurality concluded that the statute violated the defendant's Sixth Amendment right to trial by jury. *Id.* at 655–56.

Ms. Janczuk argues that the *Haymond* plurality's reasoning applies here. She notes that, if she is sentenced to more than 67 days' imprisonment for violating supervised release, the total amount of time she will have spent in prison (including the time she served in pretrial detention) will exceed the two-year maximum sentence permitted under 47 U.S.C. § 223(a)(1)(C). She

argues, therefore, that a sentence longer than 67 days would be longer than her guilty plea can support, and can be imposed constitutionally only if she is afforded the right to a jury trial at which the Government must prove the alleged violations of supervised release beyond a reasonable doubt.[2]  The Court disagrees.

As a preliminary matter, the Court notes that the *Haymond* plurality does not address whether the Constitution requires added due process for a violation of supervised release whenever the potential violation of supervised release sentence, when combined with the amount of time served on the original sentence, will exceed the maximum term of imprisonment permitted for the underlying offense.  In fact, the plurality specifically *avoided* addressing that question, rejecting the notion that its opinion might cast doubt on "whether *all* supervised release proceedings comport with *Apprendi*."  *Haymond*, 588 U.S. at 654.  Instead, the plurality insists that its "decision is limited to § 3583(k)—an unusual provision enacted little more than a decade ago."  *Id*.

To the extent the *Haymond* plurality may be interpreted to support the Defense's argument, it is irrelevant because the Second Circuit has adopted Justice Breyer's concurrence, not the plurality, as the controlling decision in *Haymond*.  *See United States v. Doka*, 955 F.3d 290, 296 (2d Cir. 2020) ("Justice Breyer's opinion concurring in the judgment represents the

---

[2]   Defendant, relying on the *Haymond* plurality, asserts that this is a "rare" situation where the potential sentence for the violation of supervised release, when added to the term imposed on the underlying offense, could push the aggregate sentence beyond the statutory maximum for the underlying offense.  Def. Mem. at 1 (quoting *Haymond*, 588 U.S. at 655).  The Court recognizes that Justice Gorsuch wrote that in *Haymond*, but the empirical basis for that statement is not at all clear.  The fact that "courts rarely sentence defendants to the statutory maxima" reveals nothing about how often defendants' combined terms of imprisonment for their underlying convictions plus any subsequent violations of supervised release exceed such maxima.  *Haymond*, 588 U.S. at 655.  For example, the maximum term of supervised release for a class D felony, which is a felony the maximum imprisonment for which is five to ten years, 18 U.S.C. § 3559(a)(4), is three years.  18 U.S.C. § 3583(b)(2).  In the experience of the Undersigned, it is not at all rare for defendants convicted of crimes carrying a maximum term of imprisonment of 5 years to be sentenced to well more than two years of imprisonment to be followed by a three-year term of supervised release.

narrowest ground supporting the judgment, and therefore provides the controlling rule."). Justice Breyer declined to "transplant the *Apprendi* line of cases to the supervised-release context." *Haymond*, 588 U.S. at 658. Instead, he focused on "three aspects" of § 3583(k) that make it

> less like ordinary revocation and more like punishment for a new offense, to which the jury right would typically attach. First, § 3583(k) applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute. Second, § 3583(k) takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long. Third, § 3583(k) limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of "not less than 5 years" upon a judge's finding that a defendant has "commit[ted] any" listed "criminal offense."

*Id.* at 659.[3]

Having recognized Justice Breyer's concurrence as the controlling opinion, the Second Circuit has affirmed that "*Haymond* did not undermine [its] clear precedent on the constitutionality of § 3583(e)(3)." *Doka*, 955 F.3d at 296; *see also Peguero*, 34 F.4th at 157 ("It is well-established in [the Second] Circuit that the supervised release revocation process, and its attendant procedural mechanisms, is constitutional."). Other Courts of Appeals that have confronted the precise question presented here — whether, post-*Haymond*, the combined term of imprisonment for an offense and for a violation of supervised release may exceed the statutory maximum for the underlying offense without requiring additional due process at the violation of supervised release stage — have uniformly answered in the affirmative. *See, e.g.*, *United States v. Childs*, 17 F.4th 790, 791–92 (8th Cir. 2021) ("[The defendant's] belief—that his sentence exceeded the statutory maximum because the number of years he served was greater than the sum of the maximum term of imprisonment *plus* the maximum term of supervised release—is without merit."); *United States v. Oxenham*, No. 22-4048, 2022 WL 7973429, at *1–*2 (4th Cir.

---

[3]    The Defense does not argue that any of the statutes at issue in this case implicate any of the concerns identified in Justice Breyer's concurrence, nor can the Court intuit that they do.

Oct. 14, 2022) ("[The defendant's] argument that *Apprendi* prohibits aggregate original and revocation sentences that exceed the statutory maximum for the underlying crime of conviction has been rejected by multiple circuits that have considered the issue post-*Haymond*."); *United States v. Henderson*, 998 F.3d 1071, 1075 (9th Cir. 2021) ("[The defendant] frames the question presented [in *Haymond*] as whether a judge, acting without a jury, may revoke supervised release based on a preponderance of the evidence and impose a punishment that extends beyond the maximum time allowed for the underlying criminal conviction. We disagree with [the defendant's] premise because a term of supervised release and consequent revocation sentence is part of the maximum sentence authorized for the original conviction."); *United States v. Seighman*, 966 F.3d 237, 244 (3d Cir. 2020) ("[W]e have rejected the argument that a defendant can establish an *Apprendi* violation by aggregating revocation sentences and then comparing them to a statutory maximum." (internal quotation marks omitted)); *cf. United States v. Salazar*, 987 F.3d 1248, 1260-61 (10th Cir. 2021) ("§ 3583(e)(3) . . . ties the term of reimprisonment to the crime of conviction, and therefore the ranges for each part of a sentence—the initial sentence, supervised release, and any reimprisonment if that release is violated—are all fixed by the jury's initial determination. As such, findings at a revocation hearing do not increase the penalty for a crime beyond the prescribed statutory maximum." (cleaned up)).

      This conclusion comports both with the Constitution and with the purpose of supervised release. As the Defense correctly points out, "[t]he Second Circuit's justification for the constitutionality of 18 U.S.C. § 3583(e) stems from the fact that [s]upervised release is imposed as part of the original sentence, and is authorized by the original conviction, and so too are the consequences of its violation." Def. Mem. at 4 (quoting *Peguero*, 34 F.4th at 160). Those consequences well may include returning a defendant to custody if she violates the conditions of

supervised release, as supervised release affords only "a kind of conditional liberty by allowing [the defendant] to serve a part of [her] sentence outside of prison." *Mont v. United States*, 587 U.S. 514, 523 (2019); *see also Peguero*, 34 F.4th at 161 ("[E]ven though supervised release fulfills rehabilitative ends, distinct from those served by incarceration, it is still, like probation or parole, a grant of leniency based on a defendant's promise to follow certain conditions." (citations and internal quotation marks omitted)). Nothing in the supervised release statute promises that supervised release will cease to be conditional simply because the amount of time a defendant served prior to beginning supervised release approached the statutory maximum for the underlying offense. Indeed, "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release because [s]upervised release has no statutory function until confinement ends." *Mont*, 587 U.S. at 523–24 (citations and internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the Court concludes that § 3583(e) is not unconstitutional as applied to Ms. Janczuk regardless of how long a penalty the Court imposes (if any) for her alleged violation of supervised release.

**SO ORDERED.**

Date: March 26, 2025
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**